IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case Number:  4:21-cv-337 |
| JOHN R. BREWER, | § § | |
| *Defendant*. | § § | |

## COMPLAINT

The United States of America, pursuant to 31 U.S.C. § 3711(g)(4)(C), at the direction of the Attorney General of the United States, or his delegate, and at the request of the Secretary of the Treasury, or his delegate, files this Complaint against Defendant John R. Brewer to reduce to judgment and collect outstanding civil penalties assessed against him in the amount of $167,864.43, plus accrued interest on the assessed penalties, late payment penalties, and associated fees.

As required by 31 U.S.C. § 5314 and its implementing regulations, the United States brings suit against Brewer for his non-willful failure to timely report his financial interest in numerous foreign bank accounts during the calendar years 2012, 2013, 2014, 2015, and 2016 (the "Relevant Years").

For its Complaint, the United States alleges as follows:

### JURISDICTION, VENUE, AND PARTIES

1. Jurisdiction over this action is conferred upon the district court by 28 U.S.C. §§ 1331, 1345, and 1355 because this action arises under a federal

statute, the United States is the plaintiff, and the action seeks recovery of civil penalties.

2. Venue is proper in this district under 28 U.S.C. § 1391(b) because Brewer is a United States lawful permanent resident whose last known address is in Houston, Texas. To the extent Brewer resides outside of the United States, venue lies in this district under 28 U.S.C. § 1391(c)(3).

## FACTS

### A. Obligation to Report Interest in Foreign Accounts

3. Section 5314 of Title 31 of the United States Code authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists. 31 C.F.R. § 1010.350(a). A "United States person" includes U.S. citizens and U.S. residents. *Id.* at §§ 1010.350(b)(1)-(2).[1]

4. To fulfill this reporting requirement, a United States person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR," or any successor form.[2] *See id.* For the 2012 through 2015

---

[1] A resident of the United States is an individual who is a resident alien under 26 U.S.C. § 7701(b). 31 C.F.R. § 1010.350(b)(2).

[2] In 2013, the Treasury Department replaced Form TD F 90-22.1 with Financial Crimes Enforcement Network (FinCEN) Form 114, which must be electronically

2

tax years, an accurate FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000.00 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).[3] For the 2016 tax year, an accurate FBAR was due by April 15, 2017, for foreign financial accounts that had an aggregate balance exceeding $10,000.00.

5. The statutory cap on non-willful FBAR penalties increased from $10,000.00 to account for inflation, as permitted by the Federal Civil Penalties Inflation Adjustment Improvements Act of 2015, 28 U.S.C. § 2461. *Compare* 31 U.S.C. § 5321(a)(5)(B)(i) *with* 31 C.F.R. § 1010.821 (eff. Mar. 19, 2018–Sept. 30, 2019). The IRS assessed the FBAR penalties against Brewer on February 8, 2019. The applicable statutory cap for non-willful FBAR penalties in February 2019 was $12,921 per non-willful FBAR filing violation. *See* 31 C.F.R. § 1010.821 (eff. Mar. 19, 2018–Sept. 30, 2019).

**B.  Brewer's presence qualifies him as a United States person during the Relevant Years**

6. Although Brewer is a citizen of the United Kingdom and not the United States, he was a United States resident during the Relevant Years and therefore was a "United States person" under 31 U.S.C. § 5314.

---

filed through the Bank Secrecy Act E-Filing Network Website. The term "FBAR" refers to both the Form TD F 90-22.1 and FinCEN Form 114.

[3] Beginning with the 2016 tax year, the due date of the FBAR form is April 15th. Pub. L. No. 114-41, § 2006(b)(11).

7. Upon information and belief, Brewer has been a lawful permanent resident of the United States since August 26, 1986. *See* 26 U.S.C. § 7701(b)(1)(A)(i) (providing that a resident alien includes an individual who "is a lawful permanent resident of the United States at any time during such calendar year.").

8. Brewer has moved around domestically and internationally, following his work to Canada, China, Saudi Arabia, and the United States. He lived in Houston until approximately 2006 and then moved overseas. He returned to the United States off and on throughout 2010 and 2011, and on a more regular basis beginning in October 2012.

9. In addition to being a lawful permanent resident, Brewer's substantial presence in the United States beginning in 2013 and continuing through at least 2016 qualifies him as a United States resident under 26 U.S.C. § 7701(b)(3). Specifically, Brewer was present in the United States for approximately 365 days in 2013, 349 days in 2014, 320 days in 2015, and 337 days in 2016.

10. Indeed, Brewer received Wage and Tax Statements (Forms W-2)—that listed a Texas address for him—from his Houston-based employer, Waste Heat Recovery Corporation, for the following years:

| Year | Salary or Wage Amount | Brewer's Listed Address |
|---|---|---|
| 2013 | $289,772.00 | 1614 Landimore Court, Katy, Texas |
| 2014 | $300,000.00 | 1614 Landimore Court, Katy, Texas |
| 2015 | $237,500.00 | 1614 Landimore Court, Katy, Texas |
| 2016 | $175,000.00 | 1614 Landimore Court, Katy, Texas |

11. For the years 2013–2016 tax years, Brewer also received multiple entries of income that were reported on Proceeds from Broker and Barter Exchange

4

Transactions (Forms 1099-B) and IRA Contribution Information (Forms 5948). These Forms 1099-B and Forms 5948 listed various Houston-area addresses for him.

C.   **Brewer's foreign account balances exceeded $10,000 in 2012–2016**

12.   During 2012, 2013, 2014, 2015, and 2016, Brewer had a financial interest in, or signature or other authority over at least three foreign financial accounts.

13.   In 2012, Brewer had a financial interest in, or signature or other authority over the following foreign bank accounts:

| Bank Name | Account Number | Maximum Balance | Bank Location |
|---|---|---|---|
| RBC | XXX1659 | $122,389.00 | Canada |
| Lloyd's | XXXX5855 | $322,395.00 | United Kingdom |
| Lloyd's | XXXX8792 | $263,630.00 | United Kingdom |

14.   In 2013, Brewer had a financial interest in, or signature or other authority over the following foreign bank accounts:

| Bank Name | Account Number | Maximum Balance | Bank Location |
|---|---|---|---|
| RBC | XXX1659 | $122,593.00 | Canada |
| Lloyd's | XXXX5855 | $63,128.00 | United Kingdom |
| Lloyd's | XXXX8792 | $10,255.00 | United Kingdom |

15.   In 2014, Brewer had a financial interest in, or signature or other authority over the following foreign bank accounts:

| Bank Name | Account Number | Maximum Balance | Bank Location |
|---|---|---|---|
| RBC | XXX1659 | $122,702.00 | Canada |
| Lloyd's | XXXX5855 | $63,631.00 | United Kingdom |
| Lloyd's | XXXX8792 | $10,227.00 | United Kingdom |

16.   In 2015, Brewer had a financial interest in, or signature or other authority over the following foreign bank accounts:

| Bank Name | Account Number | Maximum Balance | Bank Location |
|---|---|---|---|
| RBC | XXX1659 | $122,736.00 | Canada |
| Lloyd's | XXXX5855 | $63,832.00 | United Kingdom |
| Lloyd's | XXXX8792 | $10,202.00 | United Kingdom |

17. In 2016, Brewer had a financial interest in, or signature or other authority over the following foreign bank accounts:

| Bank Name | Account Number | Maximum Balance | Bank Location |
|---|---|---|---|
| RBC | XXX1659 | $122,736.00 | Canada |
| Lloyd's | XXXX5855 | $63,832.00 | United Kingdom |
| Lloyd's | XXXX8792 | $10,168.00 | United Kingdom |

D. **Brewer failed to disclose the foreign accounts in a timely-filed FBAR for 2012 through 2016**

18. During the Relevant Years, Brewer was a United States person as defined in 31 C.F.R. § 1010.350.

19. During the Relevant Years, Brewer had a financial interest in, or signature or other authority over, all the accounts listed in ¶¶ 13–17 above. The aggregate balance in Brewer's foreign accounts exceeded $10,000.00 in each year from 2012-2016. Thus, on or before June 30th—for the years 2013, 2014, 2015, and 2016—Brewer was required to file an FBAR reporting his interest in these foreign bank accounts for 2012–2015, respectively. Similarly, on or before October 15, 2017, Brewer was required to file an FBAR reporting his interest in these foreign bank accounts for 2016.[4]

---

[4] When the FBAR annual due date changed to April 15th, federal law permitted "an automatic extension to October 15 each year." *See* FINANCIAL CRIMES ENFORCEMENT NETWORK, *New Due Date for FBARs* (Dec. 16, 2016),

20. Brewer failed to timely file FBARs for 2012, 2013, 2014, 2015, and 2016.

21. Brewer's failure to timely report his financial interest in the foreign bank accounts was non-willful.

22. From 2012 through 2016, Brewer's foreign bank accounts generated income taxable in the United States that was not reported.

23. Brewer failed to disclose any foreign accounts on the Foreign Accounts and Trusts (Part III) of the Interest and Ordinary Dividends Schedule (Schedule B) of his 2012, 2013, 2014, 2015, and 2016 federal income tax returns.

E. **FBAR penalty assessments**

24. Section 5321(a)(5) of Title 31 of the United States Code provides for the imposition of civil penalties for a failure to comply with the reporting requirements of § 5314 – *i.e.*, when the person maintaining a foreign account fails to timely file an FBAR reporting that account despite having an obligation to do so. For violations involving the non-willful failure to report the existence of an account, the maximum amount of the penalty that may be assessed is $10,000.00 per violation. 31 U.S.C. § 5321(a)(5)(B)(i).

25. Due to Brewer's non-willful failure to timely file FBARs reporting his financial interest in, or signature or other authority over, his foreign bank accounts for 2012 through 2016, a delegate of the Treasury Secretary assessed a $10,000

---

https://www.fincen.gov/news/news-releases/new-due-date-fbars-0 (citing Veterans Health Care Choice Improvement Act of 2015 § 2006(b)(11), Public Law 114-41).

penalty per account violation against him on February 8, 2019, pursuant to 31 U.S.C. § 5321(a)(5), as follows:

| Tax Year | Penalty Amount |
|---|---|
| 2012 | $30,000.00 |
| 2013 | $30,000.00 |
| 2014 | $30,000.00 |
| 2015 | $30,000.00 |
| 2016 | $30,000.00 |
| **Total** | **$150,000.00** |

26. On February 13, 2019, a delegate of the Treasury Secretary gave Brewer notice and demand of the penalty assessments for 2012 through 2016.

27. Despite the notice and demand for payment, Brewer has failed to pay the 2012 through 2016 FBAR penalties assessed against him. Therefore, interest and other statutory additions continue to accrue on the unpaid assessments.

28. The IRS's assessments of the FBAR penalties for 2012 through 2016 were timely. Pursuant to 31 U.S.C. § 5321(b)(1), the statute of limitations on the assessment of an FBAR penalty is six years from the date of the violation. The FBARs for the 2012 through 2015 tax years were due on June 30, 2013 through June 30, 2016, respectively and the 2016 FBAR was due on April 15, 2017. The statutes of limitations for assessing the FBAR penalties therefore expired on June 30, 2019, June 30, 2020, June 30, 2021, June 30, 2022, and April 15, 2023, respectively.

29. Likewise, this suit to reduce the assessments to judgment is timely because it was commenced within two years of the assessment date; *i.e.*, February 8,

2019.  *See* 31 U.S.C. § 5321(b)(2).  Thus, the United States has until February 8, 2021, to timely file this suit.

## COUNT I
### REDUCE FBAR PENALTIES TO JUDGMENT PURSUANT TO 31 U.SC. § 5321(a)(5)

30. During the Relevant Years, Brewer was a person of the United States.

31. During the Relevant Years, Brewer had a financial interest in, signatory or other authority over at least three Foreign Financial Accounts as described more particularly in ¶¶ 13–17.

32. The Foreign Financial Accounts had an aggregate balance that exceeded $10,000.00 during each of the Relevant Years.

33. The Foreign Financial Accounts described more particularly in ¶¶ 13–17 are considered financial accounts in a foreign country for the purposes of 31 U.S.C. §§ 5314, 5321(a)(5).

34. Brewer failed to report the foreign financial accounts in a timely-filed FBAR for calendar years 2012, 2013, 2014, and 2015, and 2016, despite his obligation to do so.

35. On the Assessment Date of February 8, 2019, a delegate of the Secretary of Treasury assessed FBAR penalties against Brewer in the amount of $150,000.00 (the "Assessed FBAR Penalties"). The Assessed FBAR Penalties are proper and fall within the civil penalty limits imposed by 31 U.S.C. § 5321(a)(5)(B)(i).

36. Interest and penalties have accrued on the FBAR penalties since the notice and demand date of February 13, 2019, and, as of October 21, 2020, the total amount owed is $167,864.43.

37. Therefore, Brewer is liable for $167,864.43 as of October 21, 2020, pursuant to 31 U.S.C. § 5321(a)(5) and 31 U.S.C. § 3717, plus further interest, penalties, and statutory additions to those amounts.

WHEREFORE, the United States respectfully requests that the Court:

A. That the Court enter judgment in favor of the United States and against John R. Brewer in the amount of $167,864.43 as of October 21, 2020, for the Assessed FBAR Penalties against him under 31 U.S.C. § 5321(a)(5), and further interest, penalties, and statutory additions to those amounts accruing after that date to the date of payment pursuant to 31 U.S.C. § 3717; and

B. That the Court order any other relief that is just and proper.

> DAVID A. HUBBERT
> Deputy Assistant Attorney General
>
> /s/   Christian A. Orozco
> Mary Elizabeth Smith
> Maryland Bar
> S.D. Tex. Bar #: 3577307
> Christian A. Orozco
> Attorney-in-Charge
> Texas Bar #: 24107886
> S.D. Tex. Bar #: 3514147
> Trial Attorneys - Tax Division
> U.S. DEPARTMENT OF JUSTICE
> 717 N. Harwood Street, Suite 400
> Dallas, Texas 75201
> Voice: 214-880-9779 (Smith)
> Voice: 214-880-9757 (Orozco)
> Fax: 214-880-9741

Mary.E.Smith@usdoj.gov
Christian.A.Orozco@usdoj.gov

Attorneys for the United States of America