IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case Number: 4:21-cv-00337 |
| JOHN R. BREWER, | § § § | |
| *Defendant.* | § | |

### UNITED STATES' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT JOHN R. BREWER

**I.   SHORT STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff United States of America, under Rule 55 of the Federal Rules of Civil Procedure, moves the Court to enter default judgment against Defendant John R. Brewer in the amount of $174,739.72, as of June 17, 2021, plus interest and statutory additions.  The penalties resulted from Brewer's failure to timely file information reports disclosing his financial interest in, or signature or other authority over, foreign bank accounts for 2012, 2013, 2014, 2015, and 2016 ("Relevant Years").

Although he was served with the summons and Complaint, Brewer has not responded to the complaint, and the Clerk of the Court has entered his default.  The well-pleaded facts in the Complaint show that the United States is entitled to the relief it seeks.  Thus, the Court should enter a default judgment against Brewer.

1

## II. EXHIBITS

| Exhibit # | Description |
|---|---|
| A | Revenue Agent Melissa Malone's Declaration |
| B | Form 13448, Penalty Assessment Certification for Years 2012, 2013, 2014, 2015, and 2016 |
| C | Letter 3708 |
| D | FBAR Penalty Coordinator Onisha Y. Darnell's Declaration |

## III. FACTUAL AND PROCEDURAL BACKGROUND

The United States ("Government") brought this civil action to reduce to judgment civil penalties plus interest and statutory additions. *See generally* Compl., Feb. 2, 2021, ECF No. 1.

Recently, the Government served Brewer in accordance with Federal Rule Civil Procedure 4 (e)(2)(A) on May 3, 2021, with the summons and the Complaint. *See* Summons Returned, May 7, 2021, ECF No. 5. Brewer failed to timely answer, or otherwise respond by the May 24, 2021 deadline, and has filed no answer to date. *See* United States' Mot. For Clerk's Entry of Default Against Def. John R. Brewer, Ex. B ¶ 4, June 14, 2021, ECF No. 7 [hereinafter "Mot. For Clerk's Entry"]. And Brewer is not an infant or incompetent person. *See* Mot. For Clerk's Entry Ex. B ¶ 5. Brewer is also not on active duty with the military. *See* Mot. For Clerk's Entry, Exs. B ¶ 6, C. As a result, the Court entered default against Brewer on June 17, 2021. Order for Entry of Default, June 17, 2021, ECF No. 17.

Having defaulted, Brewer is considered to have admitted the well-pleaded factual allegations in the Complaint. *See* Fed. R. Civ. Pro. 8(b)(b). Those facts are as follows.

Brewer is a United States resident who has a substantial presence in the United States beginning in 2013 and continuing through at least 2016. Compl. ¶¶ 6, 9. From 2012 through 2016, Brewer had a financial interest in, or signature or other authority over at least three financial accounts. *Id.* ¶ 12.

In 2012, Brewer had a financial interest in, or signature or other authority over the following foreign bank accounts:

| Bank Name | Account Number | Maximum Balance | Bank Location |
|---|---|---|---|
| RBC | XXX1659 | $122,389.00 | Canada |
| Lloyd's | XXXX5855 | $322,395.00 | United Kingdom |
| Lloyd's | XXXX8792 | $263,630.00 | United Kingdom |

*Id.* ¶ 13. In 2013, Brewer had a financial interest in, or signature or other authority over the following foreign bank accounts:

| Bank Name | Account Number | Maximum Balance | Bank Location |
|---|---|---|---|
| RBC | XXX1659 | $122,593.00 | Canada |
| Lloyd's | XXXX5855 | $63,128.00 | United Kingdom |
| Lloyd's | XXXX8792 | $10,255.00 | United Kingdom |

*Id.* ¶ 14. In 2014, Brewer had a financial interest in, or signature or other authority over the following foreign bank accounts:

| Bank Name | Account Number | Maximum Balance | Bank Location |
|---|---|---|---|
| RBC | XXX1659 | $122,702.00 | Canada |
| Lloyd's | XXXX5855 | $63,631.00 | United Kingdom |
| Lloyd's | XXXX8792 | $10,227.00 | United Kingdom |

*Id.* ¶ 15.  In 2015, Brewer had a financial interest in, or signature or other authority over the following foreign bank accounts:

| Bank Name | Account Number | Maximum Balance | Bank Location |
|---|---|---|---|
| RBC | XXX1659 | $122,736.00 | Canada |
| Lloyd's | XXXX5855 | $63,832.00 | United Kingdom |
| Lloyd's | XXXX8792 | $10,202.00 | United Kingdom |

*Id.* ¶ 16.  In 2016, Brewer had a financial interest in, or signature or other authority over the following foreign bank accounts:

| Bank Name | Account Number | Maximum Balance | Bank Location |
|---|---|---|---|
| RBC | XXX1659 | $122,736.00 | Canada |
| Lloyd's | XXXX5855 | $63,832.00 | United Kingdom |
| Lloyd's | XXXX8792 | $10,168.00 | United Kingdom |

*Id.* ¶ 17.  Brewer failed to timely file FBARs[1] for 2012, 2013, 2014, 2015, and 2016. *Id.* ¶¶ 3–4, 20.

On February 8, 2019, the IRS assessed non-willful FBAR penalties under 31 U.S.C. § 5321(a)(5) against Brewer in the amount of $150,000.00 based on his failure to timely report his interests in his foreign bank accounts.  *Id.* ¶ 35.

---

[1] In 2013, the Treasury Department replaced Form TD F 90-22.1 with Financial Crimes Enforcement Network (FinCEN) Form 114, which must be electronically filed through the Bank Secrecy Act E-Filing Network Website.  The term "FBAR" refers to both the Form TD F 90-22.1 and FinCEN Form 114.

Five days later, the IRS sent Brewer notice and demand for payment of the FBAR penalty assessments. *Id.* ¶ 26; *see also* Ex. A ¶ 6; Ex. C. As of June 17, 2021, Brewer has unpaid balances due for the FBAR penalties. *See* Ex. D ¶ 4. The unpaid amount of the FBAR penalties, including late-payment penalties and interest, is $174,739.72. *See id.* The United States therefore moves for default judgment against Brewer.

IV. **STANDARD OF REVIEW**

There are three elements to obtain a default judgment: (1) default; (2) entry of default; and (3) default judgment. *N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). A default occurs when "a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules." *Id.* The Clerk of the Court will enter an entry of default when default is established by affidavit or otherwise. *Id.* After the clerk's entry of default, "a plaintiff may apply for a judgment based on such default. This is a ***default judgment***." *Id.* (emphasis in original) (citations and footnote omitted). Because the clerk has entered an entry of default, the Government now seeks a default judgment.

Courts have developed a three-prong framework for entering a default judgment: (1) whether procedural application for default occurred; (2) whether well-pleaded allegations establish a sufficient basis for judgment; and (3) whether damages can be determined. *See, e.g.*, *United States v. Lopez*, No. SA-16-CA-76-FB (HJB), 2017 WL 8182744, at *1 (W.D. Tex. Mar. 20, 2017), *report and*

*recommendation adopted*, No. CV SA-16-CA-76-FB, 2017 WL 8182752 (W.D. Tex. June 8, 2017).

## V.   STATEMENT OF ISSUES

The Government has satisfied the three-prong framework to warrant a default judgment against Brewer: (1) by satisfying the procedural application for default; (2) by having well-pleaded allegations sufficient for a judgment; and (3) by establishing proof for a sum certain.

### A.   The Government has satisfied the procedural application for default

The procedural application for default requires: "(1) a default was entered against Defendant; (2) Defendant is neither a minor nor incompetent; (3) Defendant is not in military service; and (4) Defendant was provided with notice of the motion for default judgment." *Lopez*, 2017 WL 8182744, at *2.

The Court entered entry of default against Brewer on June 17, 2021. Order for Entry of Default. Brewer is not a minor, incompetent, or in military service. *See* Mot. For Clerk's Entry Exs. B–C. Finally, the Government has provided notice of the motion for default judgment as via certified mail (return receipt requested) as evidenced by the Certificate of Service. Thus, the Government has satisfied the procedural application for default.

### B.   The Government's well-pleaded allegations establish a sufficient basis for judgment

"[A] defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the

judgment entered." *Nishimatsu Const. Co. v. Hous. Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). "A default judgment is unassailable on the merits but only so far as it is supported by well-pleaded allegations, assumed to be true." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (citation omitted).

Brewer has not answered the Complaint. Thus, he has admitted the Government's well-pled allegations of fact. *See Rabin v. McClain*, 881 F. Supp. 2d 758, 768 (W.D. Tex. 2012) ("When a defendant fails to respond or otherwise defend, his default is considered an admission of the plaintiff's well-pleaded allegations of fact related to liability.").

Section 5314 of Title 31 of the United States Code authorizes the Secretary of the Treasury to require United States persons to report certain transactions with foreign financial agencies. Under the statute's implementing regulations, "[e]ach United States person having a financial interest in, or signature or other authority over, a bank, securities, or other financial account in a foreign country shall report such relationship" to the IRS for each year in which such relationship exists. 31 C.F.R. § 1010.350(a).

To fulfill this reporting requirement, a United States person must file a Form TD F 90-22.1, "Report of Foreign Bank and Financial Accounts," commonly known as an "FBAR," or any successor form.[2] *See id.* For the 2012 through 2015 tax years,

---

[2] In 2013, the Treasury Department replaced Form TD F 90-22.1 with Financial Crimes Enforcement Network (FinCEN) Form 114, which must be electronically filed through the Bank Secrecy Act E-Filing Network Website. The term "FBAR" refers to both the Form TD F 90-22.1 and FinCEN Form 114.

an accurate FBAR was due by June 30 "of each calendar year with respect to foreign financial accounts exceeding $10,000.00 maintained during the previous calendar year." 31 C.F.R. § 1010.306(c).³ For the 2016 tax year, an accurate FBAR was due by April 15, 2017, for foreign financial accounts that had an aggregate balance exceeding $10,000.00. And during the Relevant Years, Brewer was a United States person as defined in 31 C.F.R. § 1010.350. Compl. ¶ 18.

During the Relevant Years, Brewer had a financial interest in, or signature or other authority over, all the accounts listed in Complaint ¶¶ 13–17. *See id.* ¶¶ 13–17, 19. The aggregate balance in Brewer's foreign accounts exceeded $10,000.00 in each year from 2012-2016. *Id.* ¶ 19. Thus, on or before June 30th—for the years 2013, 2014, and 2015—Brewer needed to file an FBAR reporting his interest in these foreign bank accounts for 2012–15, respectively. *Id.* Similarly, on or before October 15, 2017, Brewer had to file an FBAR reporting his interest in these foreign bank accounts for 2016.⁴ *Id.*

Because of his default, Brewer has admitted that he non-willfully failed to file FBARs for 2012, 2013, 2014, 2015, and 2016. Compl. *Id.* ¶¶ 20–21. And

---

³ Beginning with the 2016 tax year, the due date of the FBAR form is April 15th. Pub. L. No. 114-41, § 2006(b)(11).

⁴ When the FBAR annual due date changed to April 15th, federal law permitted "an automatic extension to October 15 each year." *See* FINANCIAL CRIMES ENFORCEMENT NETWORK, *New Due Date for FBARs* (Dec. 16, 2016), https://www.fincen.gov/news/news-releases/new-due-date-fbars-0 (citing Veterans Health Care Choice Improvement Act of 2015 § 2006(b)(11), Public Law 114-41).

8

Brewer has also admitted that the IRS made these assessments, the assessments were timely, and he has not paid them. *See id.* ¶¶ 26, 35.

Thus, the Government has alleged a "sufficient basis in the pleadings for the judgment entered." *See Nishimatsu Const. Co.*, 515 F.2d at 1206; *see also United States v. Rod Riordan Inc.*, No. MO:17-CV-071-DC, 2018 WL 2392559, at *5 (W.D. Tex. May 25, 2018) (finding that the Government's complaint was "substantively warranted" against a defaulted taxpayer).

### C. The Government can establish proof for a sum certain

"A default judgment establishes the defendant's liability but not the quantity of damages." *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 761 (5th Cir. 2019), *as revised* (June 6, 2019). "As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). But an exception is made "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.* Indeed, the Fifth Circuit has outlined that "[i]f the damages can be computed with certainty by reference to the pleadings and supporting documents alone, an evidentiary hearing may not be necessary." *Frame v. S–H, Inc.*, 967 F.2d 194, 204 (5th Cir. 1992). Here, the Government has established that Brewer owes a specified judgment amount, which can be done with certainty.

The Government alleges that Brewer has unpaid FBAR liabilities, interest, and late-payment penalties in the amount of $174,739.72 as of June 17, 2021. *See*

9

Ex. D ¶ 4 (updating the liabilities due). To support its request for default judgment, the Government submits Form 13448, Penalty Assessment Certification for tax periods occurring in 2012, 2013, 2014, 2015, and 2016. *See* Ex. A ¶ 5; Ex. B. Unassessed interest and penalties have also accrued and will continue to accrue pursuant to 31 U.S.C. § 3717. Thus, the Government is entitled to a judgment against Brewer for the asserted liabilities. *See* Ex. D ¶ 4.

## VI. CONCLUSION

The Government is entitled to a default judgment against John Brewer because (i) the procedural application for default has occurred, (ii) the Government has provided well-pleaded allegations as a basis for judgment, and (iii) the Government has established that unpaid tax liabilities can be computed with certainty.

Dated: June 29, 2021

DAVID A. HUBBERT
Acting Assistant Attorney General

*/s/   Christian A. Orozco*
Mary Elizabeth Smith
Maryland Bar
S.D. Tex. Bar #: 3577307
Christian A. Orozco
Attorney-in-Charge
Texas Bar #: 24107886
S.D. Tex. Bar #: 3514147
Trial Attorneys - Tax Division
U.S. DEPARTMENT OF JUSTICE
717 N. Harwood Street, Suite 400
Dallas, Texas 75201
Voice: 214-880-9779 (Smith)
Voice: 214-880-9757 (Orozco)
Fax: 214-880-9741
Mary.E.Smith@usdoj.gov
Christian.A.Orozco@usdoj.gov

Attorneys for the United States of America

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of this document was served on the following individuals in the manner indicated below on June 29, 2021.

| | |
|---|---|
| John R. Brewer<br>4637 Wild Indigo #494,<br>Houston, Texas 77027 | Via Certified Mail<br>(Return Receipt Requested) |
| John R. Brewer<br>1017 Edwards Street<br>Houston, TX 77007 | Via Certified Mail<br>(Return Receipt Requested) |
| John R. Brewer<br>1614 Landimore Court<br>Katy, TX 77450 | Via Certified Mail<br>(Return Receipt Requested) |
| John R. Brewer<br>1202 Shillington Drive<br>Katy, TX 77450 | Via Certified Mail<br>(Return Receipt Requested) |

*/s/ Christian A. Orozco*
Christian A. Orozco
Trial Attorney, Tax Division